# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

TURKON KONTEYNER TASIMACILIK VE DENIZCILIK A.S.,

Plaintiff,

-against-

NEW YORK CONTAINER TERMINAL, INC.,

Defendant.

**SUMMONS IN A CIVIL ACTION**

**Case No. 07 CV**

07 CV 7139

JUDGE LYNCH

**TO**: (name and address of defendants)

NEW YORK CONTAINER TERMINAL, INC.
300 Western Ave.
Staten Island, NY 10303

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

MAHONEY & KEANE, LLP
111 Broadway, 10th Floor
New York, NY 10003
(212) 385-1422

an answer to the complaint which is served on you with this summons, within **twenty (20)** days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

AUG 1 0 2007

J. MICHAEL McMAHON

CLERK                                    DATE

_Marcos Quintero_

DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
TURKON KONTEYNER TASIMACILIK VE
DENIZCILIK A.S.,

JUDGE LYNCH

07 CIV cv 7139

Plaintiff,

-against-                                COMPLAINT

NEW YORK CONTAINER TERMINAL, INC.,

Defendant.
------------------------------------------X

Plaintiff, TURKON KONTEYNER TASIMACILIK VE DENIZCILIK A.S. (TURKON), by its attorneys, MAHONEY & KEANE, LLP, as and for a Complaint against defendant, NEW YORK CONTAINER TERMINAL, INC. (NYCT), alleges, upon information and belief, as follows:

1.    This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  Jurisdiction is based upon 28 U.S.C. § 1333, as well as the Court's diversity, pendent, supplementary and ancillary jurisdiction.

2.    Plaintiff, TURKON, is a legal entity duly organized and existing pursuant to the laws of a foreign country and, on or about 18, 2005, was a carrier for the shipment of containers numbered TRKU 202429/6, TRKU 2007740/5, and TRKU 20177/5 aboard the M/V BESIRE KALKAVAN, which was under time charter to TURKON.

3.    On or about August 18, 2005, the aforesaid containers were caused to fall from the deck of the M/V BESIRE KALKAVAN onto the T/B TRADER II resulting in physical damage to, and loss of use of, the T/B TRADER II.

RECEIVED
AUG 10 2007
U.S.D.C. S.D. N.Y.
CASHIERS

4.    Plaintiff is the owner, assignee, subrogee, or duly authorized representative of the owners and operators or underwriters or subrogated underwriters of the said barge.

5.    Plaintiff sues on its own behalf and as agent and trustee on behalf of any other party who may now have or hereinafter acquire an interest in this action.

6.    At all relevant times, NYCT was a corporation or other business entity established in one of the states of the United States with an office and place of business located at 300 Western Avenue, Staten Island, New York  10303.

7.    Defendant performed and was responsible for the stevedoring, crane operating, loading, discharging, cargo handling, safe care, container unlashing, and terminal services with respect to the aforesaid containers.

8.    The aforesaid loss and damage were caused by the fault, negligence, carelessness, omissions, failure to use due diligence, deviation, tort, tortious interference with contract, breach of warranty (express and implied), breach of contract, delivery in non-conforming condition, and wrongful acts of defendant, its agents and servants.

9.    All conditions precedent required of plaintiff and of all other parties interested in the aforesaid shipment have been performed.

10.    Defendant is bound to indemnify plaintiff for the aforesaid damages relating to this shipment.

11.    Plaintiff's damages are in excess of TWO HUNDRED FORTY THOUSAND TWO HUNDRED FIFTY-SIX and 95/100 DOLLARS ($240,256.95).

WHEREFORE, plaintiff demands judgment in an amount exceeding TWO HUNDRED FORTY THOUSAND TWO HUNDRED FIFTY-SIX and 95/100 DOLLARS ($240,256.95), plus interest, fees, including reasonable attorneys' fees, and costs and pray the Court to issue its process against the aforesaid defendant.

Dated:  New York, New York
        August 10, 2007

                                    MAHONEY & KEANE, LLP
                                    Attorneys for Plaintiff

                          By: _____
                                    Edward A. Keane (EK 1398)
                                    111 Broadway, Tenth Floor
                                    New York, New York 10006
                                    (212) 385-1422