UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

**TURKON KONTEYNER TASIMACILIK**
**VE DENIZCILIK A.S.,**                             Case No. 07 CV 7139

      **Plaintiff,**

  -against-

**NEW YORK CONTAINER TERMINAL,**           ANSWER TO COMPLAINT
**INC.**

      **Defendant.**
_____

    Defendant, New York Container Terminal, Inc. ("NYCT"), answering the Complaint by its attorneys, Marshall, Dennehey, Warner, Coleman & Goggin, alleges upon information and belief as follows:

    1. Denies the allegations of Paragraphs 1 and 9 of the Complaint as allegations of law which are respectfully referred to the Court.

    2. Denies knowledge or information thereof, sufficient to form a belief, as to each and every allegation contained in Paragraphs 2, 4 and 5 of the Complaint.

    3. Admits that about August 18, 2005, three containers fell from the M/V BESIRE KALKAVAN (hereinafter sometimes called the "vessel") onto the T/B TRADER II (hereinafter sometimes called the "barge"), resulting in physical damage to the T/B TRADER II and, except as admitted, denies the other allegations in Paragraph 3 of the Complaint.

    4. Admits the allegations contained in Paragraph 6 of the Complaint.

    5. Admits that on August 18, 2005, NYCT performed certain stevedoring services pursuant to a terminal, stevedoring, and CFS Service Agreement ("Stevedoring Agreement")

1

with Turkon Konteyner Transportation & Shipping, Inc. and refers to the said Stevedoring Agreement for the terms and conditions thereof, and, except as admitted, denies each and every allegation contained in Paragraph 7 of the Complaint.

6. Denies each and every allegation contained in Paragraphs 8, 10 and 11 of the complaint.

## FIRST DEFENSE

7. NYCT duly and substantially performed its obligations and conditions precedent pursuant to the said Stevedoring Contract; accordingly, plaintiff's Complaint should be dismissed and NYCT should be granted judgment on its defenses and counterclaims.

## SECOND DEFENSE

8. Plaintiff committed material breaches of the said Stevedoring Agreement; accordingly, plaintiff may not recover herein.

## THIRD DEFENSE

9. Plaintiff is not the real party in interest and, accordingly, the Complaint should be dismissed.

## FOURTH DEFENSE

10. This action should be dismissed on the grounds of improper venue or, in the alternative, transferred to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1406.

## FIFTH DEFENSE

11. This action should be dismissed on the grounds of *forum non conveniens* or, in the alternative, transferred to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1404.

### SIXTH DEFENSE

12. Plaintiff and/or the owners of the barge mentioned in the Complaint have failed to mitigate the damages alleged in the complaint.

### SEVENTH DEFENSE

13. Pursuant to said Stevedoring Agreement, plaintiff was required to prepare its vessels upon arrival at the berth for discharging and loading without unnecessary delay; upon information and belief, the casualty mentioned in plaintiff's Complaint was caused by, among other things, plaintiff's failure to prepare properly the hatches of the BESIRE KALKAVAN for discharge prior to her arrival at defendant's terminal.

### EIGHTH DEFENSE

14. Pursuant to the said Stevedoring Agreement, defendant provided no express or implied warranties other than those contained in the Agreement; therefore, all claims by plaintiff based on express and/or implied warranties should be dismissed.

### NINTH DEFENSE

15. Pursuant to the said Stevedoring Agreement, in no event shall defendant be liable to plaintiff or any third party for "special" or "consequential" damages related to damage to, or loss of, cargo.

### TENTH DEFENSE

16. Pursuant to the said Stevedoring Agreement, prior to the commencement of, during, and until the completion of defendant's work, plaintiff had the responsibility for inspecting and determining the safety of all ship's work areas and all of ship's gear and equipment which was utilized in the defendant's operations and plaintiff, among other things, having breached its aforesaid obligations, may not recover herein.

**ELEVENTH DEFENSE**

17. If the plaintiff and/or the barge and/or the barge owner mentioned in the Complaint sustained any damages as alleged in the Complaint, which is denied, said damages were caused solely by unseaworthiness of plaintiff's vessel, plaintiff's own negligence and/or by the negligence of the barge owner and/or the negligence of third parties for whom this defendant is not responsible; accordingly, plaintiff's Complaint should be dismissed.

**TWELFTH DEFENSE**

18. If plaintiff and/or the barge and/or the owner of the barge mentioned in the Complaint sustained any damages as alleged in the Complaint, which is denied, said damages were caused in whole or in part by plaintiff's and/or the barge owner's negligence and/or gross negligence and/or by its or their own deliberate acts of indiscretion and/or by its or their own willful acts or faults and misbehavior.

**THIRTEENTH DEFENSE**

19. If plaintiff and/or the barge and/or the barge's owner suffered any damages as alleged in plaintiff's Complaint, which is denied, said damages were caused in whole or in part by the unseaworthiness of plaintiff's vessel and/or by the negligence of plaintiff and/or the barge's owner and/or by the negligence of others for whom this defendant is not responsible, and were not caused to contributed to in any manner by any negligence of this defendant; accordingly, the Complaint should be dismissed or, in the alternative, any judgment against this defendant should be reduced by the proportionate unseaworthiness of plaintiff's vessel and/or the fault of plaintiff and/or the barge owner and/or others for whom this defendant is not responsible.

**FOURTEENTH DEFENSE**

20. This action should be dismissed for lack of necessary parties.

## FIRST COUNTERCLAIM

21. Pursuant to the said Stevedoring Agreement, plaintiff warranted and agreed to indemnify and hold harmless defendant against, inter alia, any loss damage or delay caused in whole or in part by a breakdown, failure or fault in vessel's gear, or by failure, fault or negligence of vessel's officers or crew, or by any unseaworthiness of the vessel, or failure by plaintiff to perform any obligations required to be performed of it; and plaintiff, having breached one or more of its aforesaid obligations, is obligated to indemnify and hold harmless defendant against all losses and damages alleged in plaintiff's Complaint.

## SECOND COUNTERCLAIM

22. If plaintiff and/or the barge, and/or the barge's owner, sustained any damages as alleged in the Complaint, which is denied, said damages were caused by the breaches of express and/or implied contractual obligations and/or by breach of express and/or implied warranty obligation owed to defendant by plaintiff; accordingly, defendant is entitled to full indemnity including attorneys fees and costs for all damages alleged in the Complaint.

## THIRD COUNTERCLAIM

23. If plaintiff and/or the barge, and/or the barge owner suffered any damages alleged in the Complaint as a result of the incident alleged in the Complaint, which is denied, then such damages were sustained due to the primary act of and sole fault of plaintiff, the barge and/or the barge owner, and/or third parties for whom defendant is not responsible, and any fault of this defendant, which is denied, was secondary and passive only; accordingly, plaintiff, the barge and/or the barge owner are liable in full for the full amount of damages alleged in the Complaint.

## FOURTH COUNTERCLAIM

24. Due to plaintiff's negligence, breaches of express and implied contracts and breaches of express and implied warranties as aforesaid, defendant has incurred approximately

$100,000.00 in damages for labor and other expenses and, although payment from plaintiff for these damages and expenses has been duly demanded by defendant, plaintiff has refused to pay; therefore defendant demands that plaintiff pay to defendant approximately $100,000, together with interest, costs and attorneys' fees.

**WHEREFORE**, defendant demands judgment against plaintiff for approximately $100,000 for damages and expenses incurred by defendant as a result of plaintiff's negligence and/or breaches of express and implied contact and/or breaches of express and implied warranties; defendant further demands that plaintiff's action be dismissed with reasonable attorneys' fees and costs to defendant; in the alternative, defendant demands that any verdict for plaintiff be reduced based upon apportionment of the unseaworthiness of plaintiff's vessel and responsibility between plaintiff, the barge owner and defendant, together with costs, disbursements and expenses of the action, including reasonable attorneys' fees; defendant demands such other and further and different relief that the Court deems just and proper.

                                          MARSHALL, DENNEHEY, WARNER
                                          COLEMAN & GOGGIN

                                    By:    /s/ JOHN R. GERAGHTY

Dated: Roseland, New Jersey
          October 16, 2007

# CERTIFICATION OF SERVICE

      I hereby certify that on October 16, 2007, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following listed party:

> Edward A. Keane, Esq.
> Mahoney & Keane LLP
> 111 Broadway, Tenth Floor
> New York, New York 10006

      I declare under penalty of perjury that the foregoing is true and correct. Executed on October 16, 2007

                                  __/s/_____
                                  JOHN R. GERAGHTY – JG2936

11/626709.v1